FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

VAILE B. O/B/O SUZANNE S.,[1]
          Plaintiff,

    vs.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,
          Defendant.

No. 1:19-cv-03273-MKD

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

ECF Nos. 17, 18

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. The parties consented to proceed before a magistrate judge. ECF No. 10. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed.  For the reasons discussed below, the Court grants Plaintiff's

motion, ECF No. 17, and denies Defendant's motion, ECF No. 18.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

ORDER - 2

1  rational interpretation, [the court] must uphold the ALJ's findings if they are

2  supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

3  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

4  ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless

5  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

6  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

7  decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

8  *Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

10      A claimant must satisfy two conditions to be considered "disabled" within

11  the meaning of the Social Security Act.  First, the claimant must be "unable to

12  engage in any substantial gainful activity by reason of any medically determinable

13  physical or mental impairment which can be expected to result in death or which

14  has lasted or can be expected to last for a continuous period of not less than twelve

15  months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

16  impairment must be "of such severity that he is not only unable to do his previous

17  work[,] but cannot, considering his age, education, and work experience, engage in

18  any other kind of substantial gainful work which exists in the national economy."

19  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

20

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that 1) the claimant is

capable of performing other work; and 2) such work "exists in significant numbers

in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

*Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 24, 2009, Plaintiff applied for Title II disability insurance

benefits, and on March 17, 2010 Plaintiff applied for Title XVI supplemental

security income benefits, alleging a disability onset date of February 29, 2008.  Tr.

74-75, 134-45.  The applications were denied initially and on reconsideration.  Tr.

78-81, 84-88.  Plaintiff appeared before an administrative law judge (ALJ) on

August 7, 2012.  Tr. 35-73.  On November 16, 2012, the ALJ denied Plaintiff's

claim.  Tr. 16-34.  Plaintiff appealed the decision and the case was remanded in

ORDER - 6

February 2015.  Tr. 587-91.  In the interim period before the case was remanded,

Plaintiff's subsequent applications for benefits resulted in a finding of disability

beginning November 17, 2012 because of advanced liver disease, and the Appeals

Council affirmed the disability determination.  Tr. 554-63, 587-91.  Suzanne S.[2]

died in October 2014 and her daughter substituted as surviving party.  Tr. 587-91,

873.  A second hearing was held December 15, 2015, Tr. 508-16, which resulted in

an April 2016 unfavorable decision for the time period of February 29, 2008

through November 16, 2012.  Tr. 486-507.  Plaintiff's substituted party appealed

the decision, resulting in a September 5, 2017 remand.  Tr. 1059-62.  A third

hearing was held on June 17, 2019.  Tr. 994-1023.  On July 22, 2019, the ALJ

again found Plaintiff was not disabled from February 29, 2008 through November

16, 2012.  Tr. 971-92.

At step one of the sequential evaluation process, the ALJ found Plaintiff,

who met the insured status requirements through September 30, 2013, had not

engaged in substantial gainful activity since February 29, 2008.  Tr. 977.  At step

two, the ALJ found that Plaintiff had the following severe impairments:  chronic

headache disorders (including trigeminal neuralgia and/or chronic paroxysmal

---

[2] The Court refers to Suzanne S. as the plaintiff.

ORDER - 7

hemicrania), Crohn's disease, fibromyalgia, affective disorder, and alcohol dependence. *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 978. The ALJ then concluded that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] could perform work that was indoors for ready access to a bathroom during regular breaks. She could never climb ladders, ropes or scaffolds. She could never work at unprotected heights or in proximity to hazards, such as heavy machinery with dangerous moving parts. She could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She could perform work in which concentrated exposure to wetness, pulmonary irritants, extreme temperatures, or vibration was not present. She could understand, remember and carry out simple, routine tasks and follow short, simple instructions. She could perform work that required little or no judgment, and could perform simple duties that can be learned on the job in a short period. She could cope with occasional work setting change. She could perform work that did not require strict adherence to time limits for each task performed, such as in an assembly line, but could complete required tasks at a variable pace throughout the course of an eight-hour work day. Within these parameters, [Plaintiff] could meet ordinary and reasonable employer expectations regarding attendance, production and work place behavior, and [could] persist, focus, concentrate and maintain an adequate pace in two-hour increments.

Tr. 979-80.

At step four, the ALJ found Plaintiff was not capable of performing her past relevant work. Tr. 983. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert,

ORDER - 8

1   there were jobs that existed in significant numbers in the national economy that

2   Plaintiff could perform, such as document preparer, phone solicitor, storage rental

3   clerk, and collator.  Tr. 984.  Therefore, the ALJ concluded Plaintiff was not under

4   a disability, as defined in the Social Security Act, from the alleged onset date of

5   February 29, 2008, through November 16, 2012.  *Id*.

6        Per 20 C.F.R. §§ 404.984 and 416.1484, the ALJ's decision following this

7   Court's prior remand became the Commissioner's final decision for purposes of

8   judicial review.

9                              **ISSUES**

10       Plaintiff seeks judicial review of the Commissioner's final decision denying

11  her disability insurance benefits under Title II and supplemental security income

12  benefits under Title XVI of the Social Security Act.  Plaintiff raises the following

13  issues for review:

14       1.  Whether the ALJ properly evaluated the medical opinion evidence; and

15       2.  Whether the ALJ conducted a proper step-five analysis.

16  ECF No. 17 at 6.

17                            **DISCUSSION**

18  **A. Medical Opinion Evidence**

19       Plaintiff contends the ALJ erred in her consideration of the opinion of

20  medical expert James Haynes, M.D.  ECF No. 17 at 8-10.  There are three types of

ORDER - 9

physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81

F.3d 821, 830-31 (9th Cir. 1995)).  The opinion of a nonexamining physician may

serve as substantial evidence if it is supported by other independent evidence in the

record.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Dr. Haynes stated there are a variety of differing diagnoses in the record to

account for Plaintiff's neurological symptom complaints, and none of the

diagnoses, including trigeminal neuralgia, squarely fit her symptoms.  Tr. 1004,

1006.  Although he did not provide a specific diagnosis, Dr. Haynes opined

Plaintiff would have had limitations when she was having pain, and when without

pain she would not have had any limitations; her headaches "at times . . . possibly

might have" affected her attendance at a work place, and "possibly" would have

caused unscheduled absences, but he was unable to quantify how often she may

have missed work.  Tr. 1005-06.  The ALJ gave Dr. Hayes' opinion some weight.

Tr. 982.  As Dr. Haynes is a nonexamining source, the ALJ must consider the

opinion and whether it was consistent with other independent evidence in the

record.  *See* 20 C.F.R. §§ 404.1527(b),(c)(1), 416.927(b),(c)(1); *Tonapetyan v.

Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Lester*, 81 F.3d at 830-31.

First, the ALJ found the "medical opinions" contained in exhibits 9F and

14F were more consistent with the record as a whole than Dr. Haynes' opinion.

Tr. 982 (citing Tr. 365-71, 451).  An ALJ may choose to give more weight to an

opinion that is more consistent with the evidence in the record.  20 C.F.R. §§

ORDER - 11

404.1527(c)(4), 416.927(c)(4) ("[T]he more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."); *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). Relevant factors when evaluating a medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); 20 C.F.R. § 416.927(c)(6) (assessing the extent to which a medical source is "familiar with the other information in [the claimant's] case record").

However, an ALJ may not accord any weight to a non-physician single decision maker (SDM) opinion.[3] *Morgan v. Colvin*, 531 Fed. App'x 793, 794-95 (9th Cir. June 21, 2013) (unpublished) (citing Program Operations Manual System DI 24510.050). An ALJ must consider the opinions of medical consultants, even

_____

[3] Under the single decision maker (SDM) model, a State agency disability analyst is able to determine a claimant's eligibility for benefits and sign the determination, without having a medical consultant sign the determination, though the analyst should have a psychological consultant complete the medical section, and mental RFC, if there is evidence of a mental impairment. 20 C.F.R. §§ 404.906(b)(2), 416.1406(b)(2).

ORDER - 12

1  when the medical consultant affirmed the SDM's opinion without the addition of

2  any further analysis.  *Id.* at 795.  Other courts have held that an ALJ may rely on a

3  medical consultant's opinion that affirms a SDM's opinion.  *See, e.g., Sanford v.*

4  *Berryhill,* No. C17-5820-MAT, 2018 WL 3135845 at *3 (W.D. Wash. June 27,

5  2018); *Bays v. Colvin*, No. 2:14-CV-01564, 2015 WL 769784, at *22 (S.D.W. Va.

6  Feb. 23, 2015).

7          Here, the ALJ stated she gave "greater weight" to the "set of medical

8  opinions" that are more consistent with the record as a whole, and cited to exhibits

9  9F and 14F.  Tr. 982.  However, exhibit 9F contains only the opinion of SDM Julie

10  Watson, while exhibit 14F contains a sentence from State Agency medical

11  consultant Robert Hoskins, M.D., stating he affirms Ms. Watson's analysis.  Tr.

12  365-71, 451.  The ALJ's statement regarding the "set of medical opinions"

13  indicates she erroneously believed Ms. Watson, an SDM, was a medical

14  consultant.  Ms. Watson's determination was signed only by herself; a medical

15  consultant did not sign the determination.  Tr. 371.

16          In *Morgan,* the ALJ erroneously noted an SDM was a medical consultant

17  and gave the opinion substantial weight.  *Morgan,* 531 Fed. App'x at 795.  The

18  ALJ relied on the SDM's opinion in finding the plaintiff was capable of

19  performing light work.  *Id.*  Though a medical consultant affirmed the SDM's

20  opinion, the Ninth Circuit held that the ALJ's error was not harmless because the

ORDER - 13

court could not determine if the ALJ would give the same substantial weight to a physician's opinion that affirmed an SDM's opinion as the ALJ gave when she mistakenly believed it was a physician's opinion. *Id.* Here, it appears the ALJ erroneously believed the SDM was a physician. *See* Tr. 982. The ALJ gave Ms. Watson's opinion greater weight than she gave to Dr. Haynes' opinion. *Id.* The ALJ's assignment of any weight to the SDM's opinion was improper. *See Morgan*, 531 Fed. App'x at 794-95. Like *Morgan,* a later affirmation of the SDM's opinion by a physician does not render the error harmless in this case. The Court cannot determine if the ALJ would have given the same weight to the opinions if she had known the opinion originated from an SDM.

Second, the ALJ found Dr. Haynes' opinion inconsistent with Plaintiff's activities of daily living. Tr. 982. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan*, 169 F.3d at 601-02. The ALJ reasoned that while Plaintiff alleged her headaches largely confined her to her room, this was inconsistent with her ability to drive on a daily basis, and handle shopping, cooking, and cleaning. Tr. 982 (citing Tr. 334-35, 340-41, 592-630). While Plaintiff reported the ability to perform some daily tasks, she also reported she can drive "locally only for short periods," Tr. 334, and that being out of her home for more than a couple of hours exacerbates her pain, Tr. 339. Plaintiff testified her daily driving involves driving her daughter only five

blocks to school, and she otherwise occasionally goes to the grocery store "for a few minutes" and to get gasoline.  Tr. 603-04.  Plaintiff reported handling "light cooking" and "light housework."  Tr. 335.  Plaintiff testified the house only gets fully cleaned every four months and her daughter helps with the cleaning.  Tr. 605. The ability to handle light activities for short periods and occasionally engage in chores is not inconsistent with Plaintiff's allegations nor Dr. Haynes' opinion.

Third, the ALJ found Dr. Haynes' opinion inconsistent with the objective evidence.  Tr. 982.  A medical opinion may be rejected if it is unsupported by medical findings.  *Bray*, 554 F.3d at 1228; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan*, 242 F.3d at 1149; *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  An ALJ may discredit physicians' opinions that are unsupported by the record as a whole.  *Batson*, 359 F.3d at 1195.

The ALJ reasoned Plaintiff's records do not demonstrate any positive neurological findings in treatment settings.  Tr. 982.  She noted that when Plaintiff alleged active headaches, she had a normal examination.  *Id.* (citing Tr. 224, 229-30, 232, 236, 246, 278, 285-87 (duplicative records); Tr. 304-05, 333-38, 457, 461-62).  However, while the records contain some normal examinations, the ALJ's assessment that there are no positive neurological findings is inaccurate.  The cited records demonstrate multiple abnormalities.  Tr. 224 (squinting with her right eye,

ORDER - 15

in modest distress/pain, though otherwise normal examination); Tr. 229-30

(appeared anxious, uncomfortable, concerned, mild intermittent shakiness,

otherwise normal neurological examination); Tr. 232 ("somewhat jovial, pleasant

woman," but "somewhat photophobic" during eye examination); Tr. 236 (normal

examination); Tr. 246 (wearing sunglasses but otherwise normal examination); Tr.

278 (has ice pack on head, wearing sunglasses, but otherwise normal examination);

Tr. 333-38 (normal examination); Tr. 457 (decreased facial sensation with

otherwise normal examination); Tr. 461-62 (normal examination).

Further, while Plaintiff had normal imaging and multiple generally normal

examinations, her providers all thought she was experiencing neurological

symptoms that required treatment. *See, e.g.,* Tr. 304-06, 337-37, 457-59. Plaintiff

was trialed on multiple medications and surgery was considered although

ultimately not recommended. *Id.* Dr. Haynes testified that although the medical

records contained multiple different neurological diagnoses, there was no doubt

Plaintiff was experiencing her reported symptoms. Tr. 1006-07.

Defendant argues the ALJ properly rejected Dr. Haynes' opinion as it was

vague, equivocal and uncertain. ECF No. 18 at 2-4. However, the ALJ did not

find Dr. Haynes' opinion to be vague nor uncertain and as such the Court will not

consider this rationale. Tr. 982; *see Orn*, 495 F.3d at 630; *Stout v. Comm'r, Soc.*

*Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006). While Dr. Haynes did not

ORDER - 16

quantify his opinion, he testified he found Plaintiff's statements credible, and

Plaintiff alleged disabling limitations.  As such, the ALJ committed harmful error

in her analysis of Dr. Haynes' opinion.

On remand, the ALJ is instructed to give no weight to Ms. Watson's opinion

and to reconsider the weight that should be given to the other opinion evidence, in

light of the appropriate analysis of Ms. Watson's opinion.  The ALJ is further

instructed to again call a medical expert to address Plaintiff's limitations during the

relevant period.  Given the multiple references in the medical records to Plaintiff's

physical symptoms having a psychological component to them, Tr. 229, 232, 254,

341, the ALJ is also instructed on remand to call a psychological expert to address

Plaintiff's limitations during the relevant period.

**B. Step Five**

Plaintiff contends the ALJ erred in her step five analysis.  ECF No. 17 at 10-

11.  "[I]f a claimant establishes an inability to continue her past work, the burden

shifts to the Commissioner in step five to show that the claimant can perform other

substantial gainful work."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)

(*citing Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).  At step five, "the

ALJ ... examines whether the claimant has the [RFC] ... to perform any other

substantial gainful activity in the national economy."  *Id*.  "If the claimant is able to

do other work, then the Commissioner must establish that there are a significant

number of jobs in the national economy that claimant can do." *Tackett*, 180 F.3d

at 1099.  "There are two ways for the Commissioner to meet the burden of

showing that there is other work in 'significant numbers' in the national economy

that claimant can do: (1) by the testimony of a [VE], or (2) by reference to the

Medical-Vocational Guidelines...." *Id*.  "If the Commissioner meets this burden,

the claimant is not disabled and therefore not entitled to ... benefits." *Id*. (citation

omitted).  "If the Commissioner cannot meet this burden, then the claimant is

disabled and therefore entitled to ... benefits." *Id*. (citation omitted).

The ALJ found that given Plaintiff's RFC, she would be able to perform the

requirements of occupations including document preparer, phone solicitor, storage

rental clerk, and collator.  Tr. 984.  Plaintiff contends the ALJ erred in her step five

analysis because she relied on testimony from the vocational expert that was based

on an incomplete hypothetical.  ECF No. 17 at 10-11.  As the case is being

remanded for the ALJ to reconsider medical opinion evidence and take new

medical expert testimony, the ALJ is directed to perform the five-step sequential

analysis anew, including reconsidering Plaintiff's ability to perform work at step

four and step five.

## C. Remedy

Plaintiff urges this Court to remand for an immediate award of benefits.

ECF No. 17 at 11-12.

ORDER - 18

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of

benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Further administrative proceedings are necessary to resolve conflicts in the evidence, including conflicting opinions, and take new medical expert testimony to further clarify what limitations Plaintiff had during the relevant adjudicative period. As such, the case is remanded for proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

ORDER - 20

1    The District Court Executive is directed to file this Order, provide copies to

2  counsel, and **CLOSE THE FILE.**

3        DATED June 11, 2020.

4                          *s/Mary K. Dimke*
                          MARY K. DIMKE
5                UNITED STATES MAGISTRATE JUDGE

ORDER - 21